# Natt L. Divoll, Jr. Et Ux v. State Highway Board et als

[144 A2d 302]

May Term, 1958

Opinion Filed July 31, 1958.

*Natt L. Divoll, Jr., pro se*, for the petitioners.

*John S. Burgess* and *John D. Paterson* for the petitionees.

**Cleary, C. J.** This was an appeal from the decision of the defendants in taking certain land belonging to the plaintiffs for a relocation of a present State highway, commonly known as Vermont Route 103. The plaintiffs' petition was brought to the Windham County Court under the provisions of V. S. 47, §4975. Commissioners were appointed, hearings held and the report of the Commissioners was made and filed. The plaintiffs duly filed exceptions to the report and requests for additional findings by the court. The defendants took no exceptions to the Commissioners' report. After a hearing the court, by a "Judgment Order" accepted the report in part and rejected it in part. The case is here on exceptions filed by both parties.

The commissioners adopted the line of relocation which the State Highway Board selected. The county court rejected this line and ordered that the line of relocation be that contended for by the Divolls. The commission found that in all respects except in the matter of additional cost the line pro-

posed by the Divolls is superior. The question to be determined is whether the additional cost is so great in amount as to make the advantages of adopting the Divoll line unjustifiable, considering all the circumstances.

We have given the case careful study and consideration. To avoid further delay and expense, we had hoped to end this litigation. But the commissioners failed to report vital and important facts which are necessary for a decision. Therefore the report should be sent back to the commissioners for further findings.

The commissioners' report does not find the total cost of relocating the highway, whether along the line proposed by the Divolls or along the line proposed by the State Highway Board. That fact is vital and should be reported, and also whether or not the additional cost of locating the highway along the Divoll line is justified, when considered and related to the total cost of the project along with the other material elements.

In their report the commissioners found that, in the event of another relocation of the highway in the future, only the area of the Divoll line would be available and suitable; that the Divoll line readily allows expansion for added width to a four lane highway but that would not be possible on the line proposed by the State Highway Board. The report should find, so far as it is reasonably possible to predict, if and when expansion to a four lane highway will become necessary, or probably so. This is important as a factor in determining whether the additional cost of locating the highway along the Divoll line is presently justified.

In the event that the commissioners adopt the line proposed by the State Highway Board, the report should find whether or not each item of damage claimed by the Divolls is allowed by the commissioners and, if so, the amount allowed for each item. Of course damages should not be duplicated by allowing as damages in one category something that is reflected in another category. Such findings respecting damages are necessary so the county court can determine whether to adopt or accept the report as to damages.

The Commissioners' Report states that the plaintiffs put on the record "a guarantee that they will not claim land damage

from the state in excess of $500—if the Divoll line is followed, the $500 sum being the estimated expense of the litigation of which this appeal is a part"; and further that the plaintiffs "have offered free to the State fill material and earth of 173,500 cubic yards called 'Burrow' which is the excess fill required on the Divoll line." This guarantee and offer were made in the hope that the highway would be relocated along the Divoll line. Because the offer was not accepted the Divolls should not be bound by their guarantee and offer. Therefore the commissioners should report what the Divolls are entitled to receive for each item of damage and for the fill belonging to them, if the highway is relocated along the Divoll line, and if the State wishes to buy the necessary fill from the Divolls and the Divolls are willing to sell it.

If another hearing is had in the county court on the report of the commissioners the transcript of testimony and the exhibits should be offered and should be made a part of the record.

For the reasons we have stated the case must be recommited for further findings, and hearings if necessary.

*Therefore the "Judgment Order" is reversed and the cause is remanded.*